SWIFT & COMPANY, A CORPORATION OF THE STATE OF ILLINOIS, PLAINTIFF-APPELLEE, v. MAX M. WAL-STEIN, DEFENDANT-APPELLANT.

Submitted January 27, 1928—Decided May 28, 1928.

Before Justices PARKER, MINTURN and CAMPBELL.

For the plaintiff-appellee, *Edwards & Smith.*

For the defendant-appellant, *Maurice C. Brigadier.*

PER CURIAM.

This is a replevin by a chattel mortgagee against the grantee of a mortgagor. There is no question but that the chattel mortgage was promptly recorded. The objections to a recovery as stated relate to the contents of the chattel mortgage itself, and are, first, that the affidavit of consideration refers to copies of an agreement and note annexed to the mortgage which are incomplete because of the omission of signatures of the parties concerned; and secondly, that the chattel mortgage was proved by a subscribing witness, and that the certificate of proof does not state that the officer taking it was satisfied with the sufficiency of such proof. The judge of the District Court held both these defenses to be without merit.

The affidavit states that the consideration of the mortgage "is the sum of $500 advanced by Swift & Company to the mortgagor under the terms of an agreement bearing even date with said mortgage [copy of which is annexed to said mortgage and made. a part thereof, and is to be read in connection with this affidavit], and evidenced thereby and also by a promissory note made by the mortgagor to the mortgagee of even date herewith [a copy of which is annexed to said

mortgage and made a part thereof, and is to be read in connection with this affidavit] and such further sum of money," &c. An examination of the copy of the agreement shows that it has blank lines for signatures and does not show any signatures, and a similar examination of the copy of the note shows no signature.

We agree with the trial judge that the statement in the affidavit that there was an agreement and a note is sufficient to indicate that both papers were completed by signature. After all, the important thing is the terms of the note and of the agreement. The situation seems to meet the test laid down by Vice-Chancellor Emery in *Bollschweiler* v. *Packer House Co.*, 83 *N. J. Eq.* 469, 470, cited in the brief for the appellant.

With respect to the certificate of proof, it is in the form indicated in the statute and in use for very many years. It reads as follows:

"Be it remembered, that on this 19th day of August, in the year of our Lord one thousand nine hundred and twenty-six, before me, a notary public, personally came Lloyd Wean, of full age, who being by me duly sworn on his oath, said that he saw the within-named Martin Novinski, party of the first part, sign, seal and deliver the within instrument as his voluntary act and deed, and that deponent at the same time signed the same as subscribing witness.

Subscribed and sworn to before me, this 19th day of August, 1926.

LLOYD WEAN.

MICHAEL GRUBEN,
        *Notary Public of N. J.*"

This form will be found as the accredited form in *Griff. L. R.*, p. 1210, published about 1821, and has been in constant use from that day to this. The matter has just been considered by the Court of Errors and Appeals in Rosenson *v.* Bochenek at the February term, 1928, and held to be legally sufficient in that case.

We find no error in the judgment below, and it will, accordingly, be affirmed.